HENRY R. KIBBE AND OTHERS, RESPONDENTS, *v.* ROSALIE HERMAN AND MAX HERMAN, APPELLANTS.

*Attachment because of the fraudulent disposition of a debtor's property — it cannot be sustained by proving that the debtor represented to the creditors that he had the property — actual ownership must be proved.*

Upon an appeal from an order, denying a motion to vacate an attachment, it appeared that the attachment was issued upon the ground that the defendants had fraudulently disposed of their property with the intent to defraud their creditors. In the affidavits, upon which the attachment was issued, charges or fraudulent representation and of fraudulent misappropriation of property were mingled.

*Held,* that the attachment would not be upheld unless, in addition to the proof of fraudulent representation, the charge upon which the attachment was granted, namely, the fraudulent misappropriation of property to defeat the claims of creditors, was sustained by satisfactory evidence of the debtors having been possessed of such property.

*Fleitmann* v. *Sickle* (13 N. Y. St. R., 399) followed.

That evidence of a sudden and unexplained disappearance of property, even when accompanied with a specific allegation of removal and disposition of it, does not establish a *prima facie* case for an attachment unless the possession and ownership of the property by the debtor is proved.

That the distinction between the evidence relating to the representations as to property and those relating to the actual ownership thereof must, in cases of this character, be kept constantly in mind, in considering the charge of the fraudulent disposition of the property.

That, as fraud is not to be presumed and must be proved, and the presumption is in favor of the honest use of the property, unless over-borne by the facts and circumstances disclosed, the affidavits in this case were not sufficient to show that the defendant actually had the property which he had represented to his creditor that he then had.

That the order should be reversed.

APPEAL by the defendants from an order made at the New York Special Term, denying a motion to vacate an attachment, which was filed in the office of the clerk of the city and county of New York, on October 17, 1888.

*H. A. Root*, for the appellants.

*Blumenstiel & Hirsch*, for the respondent.

BRADY, J.:

The attachment in this case was issued on the ground that the defendants had fraudulently disposed of their property with intent to defraud their creditors. The motion to vacate it was made upon the papers upon which it was granted. Three affidavits were presented for the consideration of the court, one of them made by Edward J. Chaffee, another by Lionel R. Geisenberger and the other by John J. Morris.

Mr. Chaffee, one of the plaintiffs, states that prior to the 2d of May, 1887, the defendants were engaged in the business of manufacturing cloaks, etc., in this city ; that the defendant Rosalie Herman was represented by her husband, Isadore Herman, who conducted the transactions on her behalf with the firm; that on the 20th of April, 1887, Isadore called on him, and, stating that he was a little short of funds, requested that a check dated ahead be accepted for the amount of the bill then due; that Isadore then stated that the defendants were amply responsible, doing a good business, and that it was a simple matter of accommodation to have the payment of the bill in question postponed for a day or two, as they had more pressing obligations to meet ; and this representation, so made, seems to have been the key-note of the application for the attachment. He further stated that they consented and accepted the check dated ahead; that subsequently, and on or about the twenty-fifth of April, another bill of goods matured, and Isadore again called, and, stating that the defendant had more than enough assets to pay all

their debts and a large surplus besides, and that by the first of May they would be in ample funds to meet their obligations, requested that one check should be given for the amount of both bills, and the request was granted. Isadore further requested that the check dated April thirtieth should be deposited in the plaintiff's bank on the afternoon of that day, then stating it would be positively paid on the following Monday. It also appears that the check was duly presented and not paid, and that, on the second of May, the sheriff of the county took possession of the defendant's store, under executions issued upon four several judgments.

It is further stated that the business of the defendants was that of manufacturing cloaks, and the mode of doing it was to buy the cloth, etc., and manufacture the same, and that it was no part of their business to sell cloth purchased by them except as manufactured goods. The affiant then charges that the defendants, as he verily believes, to fraudulently dispose of their property, within the then past month sold large quantities of merchandise to the firm of Charles Rosenberg & Company, at less than cost prices; and that they had an arrangement with the firm of Vietor & Achelis, a commission house doing business in this city, by which they consigned merchandise manufactured by them to that firm for sale and received advances on account thereof; that as late as Saturday, April thirtieth, on which day the defendants offered to allow judgment to be taken against them in favor of Flora Daniels, the defendants received a large payment of money on account of merchandise so consigned to the firm of Vietor & Achelis, the amount of which he is unable to give. He then avers that the money thus received has not been applied by the defendants to the payment of their just debts, as far as he can ascertain, and that he verily believes that the same has been appropriated by them to their own use, with intent thereby to prevent the same from being applied to the payment of their *bona fide* debts. He then charges that, in view of the statements made, the defendants had ample assets with which to meet all their debts and a surplus besides; and from the fact that within a week after making such statements they procured judgments to be taken against them, and having no funds on hand to meet the check given to the plaintiffs, and not having suffered any extraordinary loss in the meantime by fire, robbery, etc.,

they had removed and disposed of their property with intent to defraud their creditors.

The substantial part of this affidavit would be very profitable, doubtless, in an application for an order of arrest; but it does not contain evidence establishing the fraudulent disposition of property which is essential to the maintenance of an attachment. There are charges and conclusions, but they are argumentative or inferential, resting upon surmise and not upon facts justifying them, and are, therefore, wholly insufficient. The affidavit of Geisenberger has no greater strength in the respect named. For example, he says a sum of money was received from Vietor & Achelis, the exact amount of which he is unable to give, and that, as far as he could ascertain, was not applied by the defendants to the payment of their just debts; and he believes the same was appropriated to their own use with the intention of preventing the payment of their *bona fide* debts. It may be here remarked, in passing, that the absence of assets to meet maturing demands, the presence of which was expected on account of the statements made in reference to their existence, may result from the falsity of the statement that such assets were in the possession of the defendants. These representations, as before said, seem to have been the controlling feature of the application affecting the mind unfavorably and more readily leading to the conclusion that property was really possessed by them and fraudulently appropriated.

The affidavit of Morris contains an account of conduct on the part of Isadore Herman in reference to the debt due to his firm, kindred to that given by Mr. Chaffee, in which he distinctly states that he relied upon the representations of Isadore and accepted from the defendants a check, dated May 2, 1887, which was presented and dishonored. He repeats the charge as to the business of the defendants, and that it was no part of it to sell cloth and materials purchased by them in the market and then avers, as his belief, that the defendants fraudulently disposed of their property and sold large quantities of merchandise to Rosenberg & Co. at less than cost price. He also alleges, in view of the statements made by Isadore, that the defendants had ample assets with which to meet their debts and a surplus besides, so that his affidavit can only be regarded as cumulative evidence of the statements made in the affidavit of

Chaffee, and add nothing to its force. It will be observed that these charges are predicate of the truthfulness of the statement made by Isadore Herman, a criticism to be indulged upon the kindred charges made in the affidavit of Chaffee.

We have held, in the cases of *Fleitmann* v. *Sickle* and *Cæsar* v. *Sickle* (13 N. Y. St. Rep., 399), that in applications of this character, where charges of fraudulent representation and fraudulent appro priation of property are mingled, the attachment will not be upheld unless over and above the charge of fraudulent representations it appears that the ground upon which the attachment was granted, namely, the fraudulent appropriation of property to defeat credit- ors, is sustained by satisfactory evidence. In these cases the starting, if not the controlling point, was the misrepresentation of the defendant as to his indebtedness, which he underestimated ; and that incident had a guiding influence upon the court granting the attach ment, as the fraudulent representations herein asserted seem to have had upon the court below. The present case and the cases cited, however, are kindred only in this — they both show satisfactorily that misrepresentations were made, and that there was a failure of proof of the fraudulent appropriation of property, indeed, a failure of proof that the defendants had it as represented. The learned counsel for the respondents have referred to a class of cases in which it has been held, perhaps, that evidence of a sudden and unex- plained disappearance of property, particularly when accompanied with specific allegations of removal and disposition of it, puts the defendant to his answer and establishes a *prima facie* case for an attachment.

Assuming that these cases establish the proposition contended for, they have no application here, for the reason that they are predicate of the possession of the property asserted to have been owned by the debtor, and of which there was evidence. The proof submitted in this case does not establish a similar state of facts. It does not appear, except by their representations, that the debtors had property to the amount asserted by them. The difference between representations as to property and the actual ownership thereof must, in cases of this character, be kept constantly in mind in considering the charge of the fraudulent disposition of property. If it satisfactorily appeared that the defendants' representations as

to property possessed by them were true, a sudden and unexplained appropriation of it, apparently wrongful and also satisfactorily shown, would have its relative merit on the charge of improper disposition of it; but both factors must be established by evidence if they are to be employed jointly to procure an attachment.    Fraud is not to be presumed; it must be proved.    The presumption would be in favor of the honest use of the property, unless overborne by the facts and circumstances disclosed.    The vicissitudes of business often invoke insolvency in a day, and honest merchants become bankrupt in the same time by the occurrence of one of the various and destructive disclosures which mark the period as one of danger in the credit realm.·

The order appealed from must be reversed, and the motion granted, with ten dollars costs and disbursements.

Van Brunt, P. J.; and Macomber, J., concurred.

Order reversed and motion granted, with ten dollars costs and disbursements.