actual knowledge of its business transactions, and of the entries made on its books.

But this is not the rule, and has not been, at least since *Rudd* v. *Robinson* (126 N. Y. 113). The refusal to admit them, therefore, was not, in view of the evidence previously adduced, error.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.

---

EDGAR F. HALE and Another, Appellants, *v.* JOHN B. PROTE and Another, Respondents.

*Attachment—failure to state the ground upon which it is granted.*

An attachment which shows upon its face that it was issued upon the ground that "the defendants *have* disposed of their property, *and are about to* dispose of their property, with intent to cheat and defraud their creditors," is properly vacated for the reason that it does not state the ground upon which it was granted.

APPEAL by the plaintiffs, Edgar F. Hale and Henry Williams, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 20th day of September, 1893, vacating and setting aside an attachment.

*Uriah W. Tompkins*, for the appellants.

*Roger Foster*, for the respondents.

PER CURIAM:

It appears upon the face of the attachment that it was issued upon the ground that the defendants *have* disposed of their property, *and are about to* dispose of their property, with intent to cheat and defraud their creditors.

It is manifest that if the defendants have disposed of their property they could not be about to dispose of it, and that the plaintiffs have not complied with the provision of the Code in stating the ground upon which the attachment was issued. It is impossible for

us to tell upon which ground the plaintiff intended to rely, or which ground it is claimed by him his affidavits tended to support. It would seem, therefore, if for no other reason, that this attachment should have been vacated because it did not state the ground upon which it was granted.

This is an error which has been committed before, as is evidenced by the case of *Johnson* v. *Buckel* (65 Hun, 601) and the cases there cited.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.

---

Thomas F. Gale, Respondent, v. George Roll, Appellant.

*Sale of realty — commissions — proof of employment and of procuring the sale.*

In an action brought to recover commissions alleged to have been earned by the plaintiff in effecting a sale of real estate for the defendant, the burden is upon the plaintiff to establish, by a preponderance of evidence, that he was employed by the defendant and that he was the procuring cause of the sale.

In such an action for commissions, brought against the person in whose name the legal title to the property stood at the time of the sale, the fact that at the time of the sale a third party was the beneficial owner of the property, which was being advertised for sale in his name, and that it was actually sold from his office, in which the plaintiff was then employed, renders testimony of the plaintiff, that the defendant employed him to sell the property, highly improbable.

Appeal by the defendant, George Roll, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 10th day of April, 1893, upon the verdict of a jury rendered at the New York Circuit, and also from an order entered in said clerk's office on the 5th day of April, 1893, denying the defendant's motion for a new trial made upon the minutes.

*August Kohn*, for the appellant.

*J. H. K. Blauvelt*, for the respondent.