### JURGENS v. TUM SUDEN.

(Supreme Court, Appellate Division, Second Department.    June 28, 1898.)

1. ATTACHMENT—FRAUDULENT CONCEALMENT OF PROPERTY.

In a warrant of attachment based upon defendant's fraudulent secretion of his property the use of the word "conceal" instead of "secrete" is unobjectionable, the two words being substantially synonymous.

2. SAME—INCONSISTENT GROUNDS.

If a warrant of attachment states as the grounds upon which it is granted that "the defendant is concealing his property to defraud his creditors, and is about to dispose of his property and goods with the like intent," the two grounds are not inconsistent, where it appears that he had, by changing the apparent title, concealed the real title from seizure, and was still concealing it; and that, while it was thus concealed, he was about to assign and dispose of it with similar intent.

Appeal from special term, Kings county.

Action by William B. A. Jurgens against Henry A. Tum Suden. From an order denying a motion to vacate an attachment, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. B. Bradbury, for appellant.
William W. Butcher, for respondent.

GOODRICH, P. J.    The action is brought to recover a sum of money alleged to be due on the sale of groceries by the plaintiff to the defendant between December 27, 1897, and January 26, 1898.    The following facts appear from the affidavits upon which the warrant of attachment was issued:    On January 31st the plaintiff sent his clerk, John Voss, to collect the amount of the bill.    Voss makes affidavit that at that time the defendant told him that he had sold the store to one John Milk for $300 in cash and $700 in notes; that on February 5th he called again on the defendant, who said to him that his wife was the owner of the store.    The plaintiff makes affidavit that at about the same time he called on the defendant, and was informed by him that he had disposed of his store to some one residing in the borough of Queens; and that he (the plaintiff) received certain information in regard to the matter from one Wendell.    Wendell makes affidavit that it is a part of his business as auctioneer to buy out stores and sell them at auction, and that on the 8th, 9th, and 10th of February he entered into negotiations with the defendant for the purchase of the store; that he called at the store, and saw the defendant's wife, who said that defendant had sold the store to a man in Jamaica, and that the latter had sold it back to her, and that she owned it, but would have to see her husband about the sale; that he subsequently saw defendant and his wife, and that the defendant said "that he had put the property in his wife's name, because he was being pressed by his creditors, but that it was in reality his store, and that he would sell it to deponent," and that negotiations were still in progress, the matter being adjourned to the 12th. Upon these affidavits a warrant of attachment was issued which re-

cited that it was granted on the ground "that the defendant is concealing his property to defraud his creditors, and that the defendant is about to dispose of his property and goods with the like intent." The defendant moved to vacate the warrant "on the ground that the papers on which the said attachment was granted were insufficient on the face thereof, for the reason that they did not disclose facts entitling the plaintiff to a warrant of attachment, and thus did not show by legal proof that facts existed entitling the plaintiff to the warrant upon the grounds as stated in the warrant." The motion was denied, and from this order the defendant appeals.

The defendant's brief criticises the use of the word "concealing" in the warrant, as not being equivalent to the word "secrete," as used in the Code. The words, in legal signification, mean substantially the same. It is evident that the defendant was concealing or secreting his ownership of and title to his property at the time of the issuing of the warrant, so as to keep the property from his creditors, and also that he was at the same time the real owner of the store, exercising control over it, and as such was about to dispose of the same to Wendell, with intent to defraud his creditors. It was held in Johnson v. Buckel, 65 Hun, 601, 20 N. Y. Supp. 566, that a warrant of attachment, stating the grounds upon which it was granted to be that "the defendant has removed, disposed of, assigned, and secreted, and is about to remove, dispose of, assign, and secrete, his property with the intent and design of defrauding his creditors," could not be upheld on the ground that it was inconsistent to allege that a debtor had assigned and disposed of his property, and then, in the conjunctive, that he was about to assign and dispose of it, and that the allegation must be directed to showing that the debtor has done one or the other of these acts. But the case at bar is easily distinguishable. The allegation is that the debtor had concealed his property with intent to defraud his creditors; that is, he had, by changing the apparent title, concealed the real title from seizure by his creditors, and was still concealing it, and while it was thus concealed he was about to assign and dispose of it with similar intent. The word "conceal" is equivalent to "secrete." The recital of the warrant is synonymous with the statement that the defendant was about to sell his concealed property. Johnson v. Buckel, supra, held that, if the defendant had assigned or disposed of the property, he could not be about to assign or dispose of his already assigned property. The concealment, however, of the property in the present action by an apparent transfer to the defendant's wife was for a temporary purpose, and was incident to the ultimate disposal through Wendell, the auctioneer, or by some other means. This negotiation with Wendell was still really in process when Wendell made his affidavit, and was not actually terminated when the warrant was issued. I cannot see any inconsistency in this recital of the warrant as a proper deduction from the facts set forth in the affidavits, and upon which the justice properly deduced the inference shown by such recital.

The order is affirmed, with $10 costs and disbursements. All concur.