## QUAIL et al. v. NELSON.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

1. ARREST—GROUNDS STATED IN THE ALTERNATIVE.
   Under rule 13, Gen. Rules Prac., providing that every order of arrest
   shall briefly state the grounds on which it is granted, on order of arrest
   reciting the ground as conversion of money embezzled or fraudulently
   misapplied is not defective as being in the alternative, since the ground
   covers only one offense.

56 N.Y.S.—55

**2. SAME—VARIANCE.**

A complaint alleged that defendant, while acting as attorney for plaintiff's testator, received money for investment; that defendant did not make the investment, or pay the money to testator, or to any one for his benefit; and that plaintiff had demanded payment, which defendant refused, to plaintiff's damage. An order of arrest in the action recited the ground therefor as for a conversion of money embezzled or fraudulently misapplied by defendant, while attorney for plaintiff's testator. *Held,* that there was no variance, since the cause of action, as stated, leads only to the conclusion that defendant was an embezzler.

Appeal from special term, Kings county.

Action by John W. B. Quail and another, as executors of the will of James T. Quail, deceased, against Jesse S. Nelson. From an order denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. F. Lawrence, for appellant.

Richard J. Lewis (Thomas J. Rush, on brief), for respondents.

WOODWARD, J. We are asked to reverse the order denying the motion to vacate the order of arrest in this action on the grounds (1) that there is a variance between the causes of action alleged in the complaint and the grounds of arrest stated in the order; (2) that the recital of the grounds for the order, stated in said order, is fatally defective. The complaint sets forth two causes of action, substantially alike, except in the amount involved, the first being all that it is necessary to discuss at this time. The death of the plaintiffs' testator, followed by the appointment of the plaintiffs as executors, is alleged. It is then alleged that defendant, while acting as attorney for James T. Quail, plaintiffs' testator, received for his account the sum of $4,000, for the purpose of investing the same upon bond and mortgage; that the defendant did not make such investment, and did not pay the said sum to the said James T. Quail, or to any other person for his benefit or on his behalf; the payment by the said defendant to the plaintiffs of the sum, which defendant represented to be six months' interest upon said principal sum; demand of the said sum of $4,000, or security therefor, from the defendant, and defendant's neglect and refusal to pay or deliver same, to the plaintiffs' damage, etc. In the order of arrest, complying with the provisions of rule 13, Gen. Rules Prac., it is stated that "the ground of arrest is the conversion of money embezzled or fraudulently misapplied by said defendant in the course of his employment as attorney for the aforesaid James T. Quail, deceased." The attention of the court is called to Cronin v. Crooks, 143 N. Y. 352, 38 N. E. 268, in which section 641 of the Code of Civil Procedure was under consideration, and where the court held that an allegation that the defendant "has assigned and disposed of, or is about to assign or dispose of, her property," did not comply with the provision of the Code that the warrant "must briefly recite the ground of the attachment." In that case it is said:

"This warrant stated no ground, for to state in the alternative is to state neither the one nor the other fact. Such an alternative statement of grounds results in a mutual exclusion."

In an almost identical case (Johnson v. Buckel, 65 Hun, 601, 20 N. Y. Supp. 566, cited in the above case), the court say:

"Where, therefore, an attachment is sought upon the theory of a fraudulent disposition of all a debtor's property, the affidavits should be directed to showing that the debtor has done either one or the other, because the doing of both at the same time is necessarily inconsistent. In other words, if a debtor has assigned or disposed of his property, it eliminates the idea that he is about to assign and dispose of it."

See, also, Hale v. Prote, 75 Hun, 13, 26 N. Y. Supp. 950.

In the case at bar, while the ground is stated in the alternative form, there is in it none of that inconsistency found in the case to which attention is called. The language is that "the ground of arrest is the conversion of money embezzled or fraudulently misapplied." Bouv. Law Dict. (2d Ed.) defines "embezzlement" as "the fraudulently removing and secreting of personal property, with which the party has been intrusted, for the purpose of applying it to his own use"; and the court, in using the words "embezzled or fraudulently misapplied," was simply giving a definition of the offense which justified the issuing of a warrant of arrest. The fraudulent misapplication of funds with which the party has been intrusted is embezzlement, and embezzlement is the fraudulent misapplication of such funds. The court has complied with the requirement of rule 13, Gen. Rules Prac., in making a brief statement of the grounds on which the order of arrest is made. The cause of action set out in the complaint leads irresistibly to the conclusion that, if the facts are established by the evidence, the defendant has been guilty of embezzlement, and the court below was fully justified in refusing to grant the motion to vacate the order of arrest.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.