## BLANCK v. NELSON.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

1. PLEDGEE—CONVERSION—RIGHT OF ACTION.

Where plaintiff holds bonds as collateral security for a debt due him, he has such a special property therein as authorizes him to maintain an action for their conversion.

2. MISJOINDER OF CAUSES OF ACTION—MISCONDUCT OF ATTORNEY.

Complainant alleged, for one cause of action, that defendant, while acting as his attorney, obtained possession of bonds for the purpose of selling them, and had refused to return them or pay the proceeds; and, for a second, that he delivered to defendant, while acting as his attorney, a mortgage and satisfaction thereof, and that he received the amount due thereon, and had refused to pay it to plaintiff. *Held* not a misjoinder of causes, since both are based on the misconduct of defendant as attorney.

Appeal from special term, Kings county.

Action by Thomas J. Blanck, as trustee under the will of John W. Blanck, deceased, against Jesse S. Nelson. From an ordering denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

The complaint contained two causes of action,—the first alleging, in substance, that defendant, while acting as attorney for plaintiff, obtained possession of certain bonds deposited with plaintiff as collateral security for the payment of a note, for the purpose of selling the same and procuring the proceeds for the benefit of plaintiff, and that plaintiff demanded from defendant the bonds, or the proceeds thereof, and he refused to either turn over the bonds, or pay the proceeds to plaintiff; and the second, that defendant, while acting as attorney for plaintiff, informed him that certain mortgagors desired to pay off a mortgage held by him, and advised him to execute a satisfaction, which he did, and delivered both the mortgage and the satisfaction to defendant, for the purpose of receiving the money, which defendant did, and had refused to deliver it to plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. F. Lawrence, for appellant.
Richard J. Lewis (Thomas J. Rush, on the brief), for respondent.

WOODWARD, J. We think the first cause of action set forth in the complaint is good. It is true, the plaintiff held the bonds there mentioned only as collateral security for the payment of the debt to him. Nevertheless, his special property as pledgee was sufficient to authorize him to maintain an action for conversion of the bonds against any wrongdoer. The damage to the plaintiff by the conversion of the bonds is apparent. Even assuming that the debtor pays his note to the plaintiff, the plaintiff must return the bonds to the pledgor, or account for their value. The complaint sets forth facts which, if established by the evidence, are sufficient to constitute embezzlement, and to subject the defendant to arrest under the provisions of section 549 of the Code of Civil Procedure; and if it should happen that the court, in complying with rule 13, has stated more than is necessary in the order of arrest, it can give the defendant no immunity. In other words, if the complaint sets forth a good cause of action against the defendant for the embezzlement of money while acting in the capacity of an attorney for the plaintiff, the order of arrest is not invalidated because it is stated in the order that "the ground of arrest is the conversion of money and property embezzled or fraudulently misapplied by said defendant in the course of his employment as attorney for said plaintiffs."

There does not appear to be any force in the contention that the causes of action are misjoined. They are both based upon the misconduct of the defendant while acting as attorney for the plaintiffs, and are clearly within the scope of section 484, Code Civ. Proc.

In the case of Quail v. Nelson, 56 N. Y. Supp. 865, which has received the attention of this court at the present term, we have considered the remaining points urged upon the attention of the court in the case at bar, and it is not necessary to again go over the ground.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.