### UNITED STATES v. PHILLIPS.

(District Court, S. D. New York. March, 1912.)

CRIMINAL LAW (§ 150*)—CRIMINAL OFFENSES—LIMITATION.

    A prosecution of a bankrupt for concealing property from his trustee under Bankruptcy Act July 1, 1898, c. 541, § 29b (1) and 29d, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), is barred in one year after the property was actually concealed, and the trustee had such knowledge of the fact that he made a demand therefor.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 274, 275; Dec. Dig. § 150.*]

Indictment of one Phillips under Bankruptcy Act July 1, 1898, c. 541, § 29b (1), 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), charging that, while a bankrupt, he knowingly concealed from his trustee eight parcels of pearls of the value of $2,800. On motion to quash and plea in bar and replication thereto. Motion to quash sustained.

Mr. Levy, Asst. U. S. Atty.
Abraham Gruber, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOUGH, District Judge. The matters intended to be raised by this plea and motion are two: (1) That by reason of certain matters occurring in what is called in bankruptcy a "turnover proceeding," Phillips became vested with title to whatever he might have been concealing at a time more than one year before the finding of this indictment. (2) And that even without such turnover proceeding the prosecution is barred by the one-year limitation contained in the Bankruptcy Act itself.

As a matter of pleading I doubt whether the defendant can at present prevail on his plea. A plea in bar raises new matter; if demurred to, the truth of such new matter is admitted, but a replication requires the allegations of fact contained in the plea to be supported by evidence. It is said that the only evidence required is an inspection of the records of this court on the civil side. They have been inspected, and even admitting for the sake of argument that such trial is lawful in this case, I do not find myself able to say from the record alone that Phillips ceased to conceal the pearls more than a year before indictment, or that anything occurred more than a year before indictment which transferred title in the pearls to him. This question, if it were material, must be threshed out before a jury.

A motion to quash is likewise based upon matter which if not new is dehors the record of the cause at the time of motion made. In the affidavit for the motion it is set forth that at the time of the turnover proceeding "testimony was given to show that said pearls were secreted" by this defendant from his receiver and trustee, and this allegation is not denied, nor is any objection made to raising the statute of limitations by a motion to quash. I should myself make such objection were any doubt of the facts suggested; but, no doubt being suggested, it will now be assumed as true that it was known more than a year before indictment that Phillips was secreting said pearls, and that such knowledge was that of the trustee.

Some consideration of the meaning of the words used in indictment and statute is appropriate. The statute punishes a bankrupt who has knowingly "concealed * * * from his trustee any of the property belonging to his estate in bankruptcy." The indictment charges that Phillips did "knowingly and fraudulently secrete and conceal" property, to wit, certain pearls, from his trustee. The indictment is obviously drawn on the assumption that "secrete" and "conceal" mean the same thing. This assumption and more is justified by the letter of the Bankruptcy Act (section 1, subd. 22), declaring that "conceal" shall include "secrete," "falsify," and "mutilate." So much has been held in attachment cases in this state (Jurgens v. Suden, 32 App. Div. 1, 52 N. Y. Supp. 662); and of the secretion of property it has been said that the three agencies of fraud, assigning, disposing of, and secreting, are legally identical and equivalent. Sturz v. Fischer, 15 Misc. Rep. 410, 36 N. Y. Supp. 893. A thing is secreted or concealed from the officer of the law, and indeed from any one, when the seeker cannot find it, and it is still concealed or secreted when such seeker knows perfectly well who controls it, who has hidden it, and who can reveal it if he desires. Therefore, since the law is not merely a game

of hide and seek, that is concealed or secreted which is withheld by means of physical concealment from the lawful officer who is looking for it. The word "withhold" is wider than either "conceal" or "secrete"—e. g., a bankrupt may withhold money by stubbornly refusing to pay, and defying his creditors to get it out of him—but this expression would not necessarily or ordinarily be taken to mean that the bankrupt had obtained certain gold coin or bank notes and concealed the same by burying them in the earth or putting them in a receptacle known only to himself, while such would be the reasonable inference if the bankrupt were accused of concealing money; i. e., he would be understood to have hidden actual cash, like the misers of fairy tales.

In this case I take it for an admitted fact that more than a year before indictment Phillips physically concealed and secreted certain pearls; his trustee had reason to believe that he did so secrete them; and thereupon the trustee demanded the same, and did so by the drastic method of bringing a "turnover" proceeding in bankruptcy, whereby he sought to extract from Phillips either the pearls themselves or their value.

To these admitted facts the government applies one set of cases and defendant another. The prosecution relies on United States v. Kissel, 218 U. S. 601, 31 Sup. Ct. 124, 54 L. Ed. 1168, and defendant on United States v. Irvine, 98 U. S. 450, 25 L. Ed. 193. I believe the doctrine of the Kissel Case to be this: A conspiracy "is a partnership in criminal purposes." Therefore some of the incidents of partnership law may be injected into criminal law. The immediate object of such partnership being accomplished, the partners will nevertheless continue to be partners as long as their continued co-operation is necessary to maintain and continue the object of their existence. Therefore, if the object of the criminal partnership was to produce a trade condition or business status, the conspiracy will continue until conditions change or status is destroyed, but how changed or by whom destroyed we are not informed. If the partners in crime, though unrepentant, saw the fruits of their conspiracy taken from them by natural forces or vis major or governmental action, it would be an interesting query as to when or how the limitation period began to run. But this much seems to be plain from the Kissel Case, viz., that since the statute cannot run until the "continuous result" maintained by "continuous co-operation of the conspirators" has ceased, the decision takes away the benefit of the statute from a repentant minority desiring to undo the evil work in which they joined, and, apparently, if the result of the conspiracy is of such a nature as to require a long time for its undoing, the united efforts of all the conspirators to right the wrong will not avail to start the statute until they have succeeded in restoring the status quo ante.

But even the Kissel Case, 218 U. S. at page 607, 31 Sup. Ct. at page 126 (54 L. Ed. 1168), does not impugn the authority of the Irvine Case, and admits that the mere continuance of the result of a crime does not continue the crime. In my judgment there is legal identity between the Irvine Case and the one at bar; in both there was what amounted to a demand, and the demand was that the withholding or secreting

of property should cease and the person lawfully entitled thereto should receive possession thereof. To apply, or seek to apply, the doctrine of the Kissel Case to this indictment, results in this: The government, by proving that a bankrupt many years ago secreted some articles of property from his trustee, which fact the trustee knew or had good cause to believe, and for which property demand has duly been made, thereby raises the presumption (apparently irrebuttable) that the crime had continued and would continue as long as the criminal lived and did not surrender. This is exactly the situation painted with disapproval in the Irvine Case, 98 U. S. at page 452 (25 L. Ed. 193), and to look upon the facts otherwise is to overrule and disregard statutes of limitation generally. If Phillips can be successfully prosecuted under this indictment, every living bankrupt who has been suspected of concealing property can at any time be indicted therefor. I do not so read the act. I am not able to assign the exact date when demand was made, but it was certainly before the "turnover" order, and that was more than a year before indictment.

The motion to quash is granted.