## BLOCK et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

No. 84.

1. Criminal law ⬅️155—Indictment for concealing goods must be found within year from qualification of trustee by giving bond.

Bankruptcy Act, § 29d (Comp. St. § 9613), requires that indictment for concealing goods from trustee under section 29b be found within year from trustee's qualification by giving bond under section 50 (Comp. St. § 9634), not within year from his appointment or election.

2. Criminal law ⬅️1091(1)—Bill of exceptions, which is set of stenographer's minutes and consists largely of speeches of counsel, need not be considered.

Bill of exceptions, which is set of stenographer's minutes and consists largely of speeches of counsel, need not be considered.

3. Criminal law ⬅️1159(2), 1160—Assignments of error, asking consideration of weight of evidence and refusal of new trial, need not be considered.

Assignments of error, asking Circuit Court of Appeals to consider weight of evidence and trial judge's refusal to grant new trial, need not be considered.

4. Criminal law ⬅️1129(3)—Assignments of error in overruling objections to evidence throughout trial are frivolous.

Assignments of error in "overruling the objections made throughout the trial" to admission of, and denying motions to strike out, evidence and exhibits, are frivolous.

In Error to the District Court of the United States for the Southern District of New York.

Meyer Block and Leon Block were convicted of concealing a bankrupt's goods from the trustee, and they bring error. Affirmed.

Charles E. Buchner, of New York City (John B. Johnston, of New York City, of counsel), for plaintiffs in error.

Emory R. Buckner, U. S. Atty., of New York City (William Berg, Asst. U. S. Atty., of New York City, and James Oliver Murdock, Asst. U. S. Atty., of Bronxville, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. This writ requires us to express opinion about one point only. One of the plaintiffs in error was a partner in a concern that became bankrupt. The other plaintiff in error, a member of the same family, was an employee (obviously a trusted one) of the firm. On August 1, 1922, one Phillip was appointed trustee of the firm in bankruptcy. The creditors of the firm elected no trustee; the referee appointed one. Phillip qualified as trustee, by filing his acceptance of the office on August 15, 1922, and his bond on August 24, 1922.

[1] This indictment was found August 6, 1923, and the point made is that since the indictment charges a concealment of the bankrupt's goods from the trustee under section 29b of the Bankruptcy Act (Comp. St. § 9613), more than one year had elapsed from the commission of the offense before the indictment was found. Section 29d. The proposition is that there was a concealment from the trustee beginning on August 1, 1922, wherefore more than one year had expired before indictment found, and the rulings of Warren v. United States, 199 F. 753, 118 C. C. A. 191, 43 L. R. A. (N. S.) 278, and United States v. Phillips (D. C.) 196 F. 574, are applicable. Undoubtedly under the statute indictment must be presented before concealment of estate *from the trustee* has continued for a year; but there can be no concealment from a trustee until there is a trustee to conceal from.

The sixteenth general order required the referee to notify Mr. Phillip of his appointment. Such notice required the person appointed "to notify the referee of his acceptance or rejection of the trust." But, by section 50 of the act (Comp. St. § 9634), trustees, before assuming the duties of their offices, shall "respectively qualify by entering into bond," etc. In other words, it is not merely the appointment or election, but acceptance and giving of bond, which are required to create a trustee. The result is that there was no trustee in the Block estate until Mr. Phillip had qualified, to wit, on August 24, 1922. Therefore the indictment was found within the year.

[2-4] We have considered this point of grace, for the record submitted to us is singularly inaccurate. It is quite clear that the proper indictment has not been printed with the judgment roll. The bill of exceptions, so called, is not only a set of stenographer's minutes (so often reprobated), but consists largely of speeches of counsel. The assignments of error substantially ask this court to consider the weight of evidence and the refusal of the trial judge to grant a new trial, matters about which we have for some time ceased to cite authority, and the only assignment attempting to question the reception and rejection of evidence and the technique of the trial reads thus: "The court erred in overruling the objections made throughout the trial by the defendants to the admission of evidence and exhibits, and in the denying of motions to strike out evidence and exhibits made by the defendants." It is not too much to say that such assignments of error are frivolous.

Judgment affirmed.