## UNITED STATES v. TROTTER.

District Court, S. D. Alabama.
Oct. 8, 1934.

Alex Birch, Dist. Atty. and D. R. Coley, Jr., Asst. Dist. Atty., both of Mobile, Ala., for the United States.

Jere Austill, of Mobile, Ala., for defendant.

ERVIN, District Judge.

The indictment charged the defendant with having concealed property from the trustee in bankruptcy, and the matter comes on to be heard on a motion by defendant to quash the first two counts of the indictment because the same show that they are barred by the statute of limitations of three years.

The indictment shows that Trotter was declared a bankrupt on January 24, 1931. That the trustee in bankruptcy qualified as such on the 3d day of March, 1931, and it avers:

"That on, to wit, the 20th day of May, 1931, and continuously thereafter, the said Richard Townsend Trotter, at the city of Mobile, in the said division and district of Alabama, and within the jurisdiction of this court, who was then and there a bankrupt as aforesaid, and while he was such a bankrupt, did unlawfully, knowingly, fraudulently and feloniously conceal a certain portion of his property belonging to the bankrupt estate of said Richard Townsend Trotter, from the said Winfred A. Ryle, trustee as aforesaid."

Said property was therein sufficiently described.

The second count reads the same as the first, except that it avers that the concealment was on the 6th day of June, 1931, and continuously thereafter. The indictment was found and filed in court on July 13, 1934, more than three years after the dates of concealment averred in each count as the dates on which the concealment took place. The indictment also alleges that the trustee was discharged on October 13, 1932.

The question for determination depends on whether the statute begins to run when the concealment begins, or whether it is suspended as long as the concealment continues. There is no averment as to when the concealment was discovered.

The statute, section 29b of the Bankruptcy Act, as amended (11 USCA § 52 (b), reads as follows:

"A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently concealed from the receiver, trustee, United States marshal, or other officer of the court charged with the control or custody of property, or from creditors in composition cases, any property belonging to the estate of a bankrupt."

Subdivision (d) of the same amendment (11 USCA § 52 (d) reads as follows:

"A person shall not be prosecuted for any offense arising under this title unless the indictment is found or the information is filed in court within three years after the commission of the offense."

When was the offense committed? It must have been when there had been a sufficient concealment to authorize an indictment.

A number of cases speak of the concealment being a continuous one, and the question depends on the sense in which the word "continuous" is used or should be used in these cases. None of them involved the question

here raised. In U. S. v. Rhodes (D. C.) 212 F. 513, 516, Judge Toulmin, my predecessor, says:

"The Bankruptcy Act does not make any act of the bankrupt before the bankruptcy criminal. But if the bankrupt, before the bankruptcy, has concealed his property, and, after his trustee is appointed, continues to conceal it from his trustee, he is criminally liable under the statute, and, if indicted for such crime, evidence of his acts of concealment before the bankruptcy, as well as those subsequent thereto, would be admissible as part of the res gestæ. * * * Essential elements of concealment, etc., are that it must be by the bankrupt, while a bankrupt or after his discharge, and from his trustee, of property belonging to the estate in bankruptcy; and such concealment must be 'knowingly and fraudulently' done. A criminal concealment of property by a bankrupt is a continuous concealment of the property from the trustee. 'Conceal' is the withholding of assets, with fraudulent intent."

He cites a number of cases to these propositions. In Block et al. v. U. S. (C. C. A.) 9 F.(2d) 618, 619, Judge Hough, speaking for the Second Circuit, says:

"Undoubtedly under the statute indictment must be presented before concealment of estate from the trustee has continued for a year; but there can be no concealment from a trustee until there is a trustee to conceal from."

The last words of this sentence were used to meet an argument that the time began to run from the day of adjudication, the time at which the title of the bankruptcy property is considered to vest in the trustee. Some of the cases have held that it begins to run from the day of adjudication, others have held it began to run from the qualification of the trustee, as Judge Hough says, there could be no concealment until either a trustee, marshal, or creditors are ascertained from whom the property was concealed.

It is manifest that a concealment of property must continue for some period of time.

The very word "conceal" connotes more or less permanency and so does the word "withhold," but that does not mean that the statute does not run during such concealment or withholding or as long as such concealment or withholding lasts.

The statute prescribes a period of punishment for having knowingly and fraudulently concealed from, etc., so when there has been a concealment from the persons named, the offense has been completed and an indictment or information may then be filed.

Surely the statute of limitations must begin from that date.

I think the cases speaking of the concealment as continuing, mean just as Judge Toulmin says, that if the concealment began before a trustee or other officer was entitled to the possession of the property concealed, and continued until that time, the bankrupt would then become criminally liable.

If this construction is correct, then there is no real difference between the cases which speak of the concealment being a continuous act and the conclusions of Judge Hough that "undoubtedly under the statute indictment must be presented before concealment of estate from the trustee has continued for a year."

It is manifest that many bankrupt cases are held open for a number of years for various reasons, and I do not think that the statute contemplated that it should be suspended during the whole period these cases were held open, but that when the time comes in a case where the concealment begins against any one of the persons named in the statute, then the offense has been committed and no indictment is good which is found more than three years after that date. I am not passing on the question when such concealment was discovered.

This construction seems to be in accordance with the ideas expressed by the Supreme Court in U. S. v. Irvine, 98 U. S. 450, 452, 25 L. Ed. 193, where the court was passing upon the withholding by an agent and attorney of money received for account of a pensioner from the government, and the court there held that the crime charged was not a continuous one from the time of the act to the indictment, and said:

"Whenever the act or series of acts necessary to constitute a criminal withholding of the money have transpired, the crime is complete, and from that day the Statute of Limitations begins to run against the prosecution.

In the case at bar, the offense was complete the day the concealment is alleged to have begun and the defendant could have been indicted on that day, hence it seems to me the statute must run from that day. The indictment alleges under one count the concealment began on May 20, 1931, and under the other the concealment began on June 6, 1931, and both days were more than three years prior to the finding of the indictment.

The motion will therefore be granted.