### UNITED STATES *v.* IRVINE.

An indictment against A., found Sept. 15, 1875, charged that on Dec. 24, 1870, B. demanded of him the sum of $525, which he as her agent and attorney had collected and received from the United States on account of a pension awarded to her, and that he then, and continuously thereafter, wrongfully withheld it from her. *Held*, 1. That the indictment was barred by sect 1044 of the Revised Statutes. 2. That the crime charged was not a continuous one to the time of finding the indictment.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the Western District of Missouri.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the United States. No counsel appeared for Irvine.

MR. JUSTICE MILLER delivered the opinion of the court.

The defendant, Clark Irvine, is charged in the indictment in this case, that on the twenty-fourth day of December, 1870, as the agent and attorney of Mrs. Berkely, he wrongfully withheld from her the amount of her pension, to wit, $525, allowed her under the pension laws, and continuously withheld it until the time of finding the indictment in September, 1875.

The indictment comes within the terms of the act of 1864, which we have considered in *United States* v. *Benecke, supra*, p. 447.

But the judges have certified to us, among other questions, whether the act of July 8, 1870, does not repeal the thirteenth section of the act of 1864.

By the third section of the later act, pensions are forbidden to be paid to attorneys and agents any more, and are required to be paid directly to the pensioner. It is not easy to see, therefore, how the attorney is to get possession of the money, and how he can withhold it, or why there should be any longer a law for punishing him for such withholding.

The statute revises the act of 1864 as regards fees of such attorneys, and increases the punishment for exacting more fees than the law allows, but totally omits any penalty for withholding. Sects. 7 and 8, act of July 8, 1870, 16 Stat. 195.

It is argued that this omission was intentional, for the reason above stated; and as the statute repeals all acts in conflict with its provisions, it was intended to repeal the penalty for withholding prescribed by the act of 1864. The argument is not without force; but without deciding that point, we prefer to answer another question, which will decide the present case.

The defendant pleaded the Statute of Limitations of two years as a bar to the indictment, and the court, having refused him the benefit of the bar on trial, now certify other questions on that subject, namely: 2. Is the crime a continuous one down to the time of finding the indictment? 3. Does the Statute of Limitations constitute a bar to this prosecution, the indictment having been found Sept. 15, 1875?

It is not very easy to define for all purposes what constitutes under the statute a withholding of the pension. It cannot commence, of course, until the money is received by the party charged. Nor can it commence then, unless there is a duty of immediate payment to the pensioner. A reasonable time must certainly be allowed for this. What that is must depend in each case on its own circumstances. A refusal to pay on demand without just excuse would constitute withholding at once. Such delay as would show an intention to evade payment would constitute a withholding. If there is nothing but

careless delay, the party might hold the money for some time without incurring this severe penalty of two years imprisonment. In short, there must be such unreasonable delay, some refusal to pay on demand, or some such intent to keep the money wrongfully from the pensioner, as would constitute an unlawful withholding in the meaning of the law.

But whatever this may be which constitutes the criminal act of withholding, it is a thing which must be capable of proof to a jury, and which, when it once exists, renders the party liable to indictment.

There is in this but one offence. When it is committed, the party is guilty and is subject to criminal prosecution, and from that time, also, the Statute of Limitations applicable to the offence begins to run.

It is unreasonable to hold that twenty years after this he can be indicted for wrongfully withholding the money, and be put to prove his innocence after his receipt is lost, and when perhaps the pensioner is dead; but the fact of his receipt of the money is matter of record in the pension office.

He pleads the statute of two years, a statute which was made for such a case as this; but the reply is, You received the money. You have continued to withhold it these twenty years; every year, every month, every day, was a withholding, within the meaning of the statute.

We do not so construe the act. Whenever the act or series of acts necessary to constitute a criminal withholding of the money have transpired, the crime is complete, and from that day the Statute of Limitations begins to run against the prosecution.

In the case before us, the judges certify that it appeared on the trial that the pensioner demanded her money of defendant on the 24th of December, 1870, and he refused to pay her, and had never paid her up to the finding of the indictment, Sept. 15, 1875; that he requested the judge to instruct the jury to acquit him, because the offence was barred by the Statute of Limitations, which the court refused to do.

We think the statute (Rev. Stat., sect. 1044) was a bar; and we say in answer to the second question, that the crime, as shown in this case, was not a continuous one to the time of the

indictment; and to the third, that the Statute of Limitations constitutes a bar to this prosecution.

The answers to these two questions dispose of the case, and will be certified to the Circuit Court, and it is

*So ordered.*