WARREN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 7, 1912.)

No. 2,244.

BANKRUPTCY (§ 485*)—OFFENSES—CONCEALMENT OF ASSETS—LIMITATIONS.

Where all of a bankrupt's acts in reference to property alleged to have been concealed from his trustee occurred at a time more than 12 months prior to the finding of the indictment, the offense of concealment could not be regarded as a continuing one; and, the bankrupt having done nothing during the 12 months period except to remain passive and silent,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

199 F.—48

a prosecution was barred by Bankr. Act July 1, 1898, c. 541, § 29d, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3433), providing that a person shall not be prosecuted for any offense arising under the act, unless the indictment is found or information filed within a year after the commission of the offense.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. § 485.*]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

John Ira Warren was convicted of willfully concealing certain property from his trustee in bankruptcy, and he brings error. Reversed and remanded.

W. B. Grant and Chandler C. Luzenberg, both of New Orleans, La., for plaintiff in error.

W. J. Waguespack, Asst. U. S. Atty. (Charlton R. Beattie, U. S. Atty., and Louis H. Burns, Asst. U. S. Atty., on the brief), for the United States.

Before McCORMICK and SHELBY, Circuit Judges, and MAXEY, District Judge.

SHELBY, Circuit Judge. On November 18, 1908, the plaintiff in error—hereafter called the defendant—filed his voluntary petition in bankruptcy and his sworn schedule of assets and liabilities, and was adjudged a bankrupt. On December 9, 1908, William C. Lovejoy was qualified as trustee of his estate. The indictment was found on December 18, 1909, more than 12 months after the filing of the petition and schedules and the adjudication, and more than 12 months after the appointment of the trustee. The indictment in due form charges a violation of section 29b (1) of the Bankruptcy Act of 1898 —that the defendant, "on or about the 10th day of January, 1909, and continuously thereafter * * * knowingly, willfully, and fraudulently concealed" from the trustee 50 tons of commercial fertilizer, wire fencing, and other described assets of the bankrupt's estate.

The evidence as to the defendant's acts in reference to the property all relate to a period prior to his filing his petition in bankruptcy, and, therefore, to a period more than 12 months before the finding of the indictment. It was in September or October, 1908, that the defendant disposed of the fertilizer and barbed wire under circumstances that the government contends constituted concealment. After selling the property—fairly, as he claims; fraudulently, as the government contends—he did nothing else whatever in reference to it. More than 12 months before the indictment was found he did the things relied on as constituting concealment. Within the 12 months before the indictment he did nothing but remain passive and silent. He did not schedule the alleged concealed property, but the schedules omitting it were filed more than 12 months before the indictment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On these undisputed facts the defendant claims that the charge is barred by the provision of the statute that—

"a person shall not be prosecuted for any offense arising under this act unless the indictment is found or the information is filed in court within one year after the commission of the offense." Bankruptcy Act of 1908, § 29d.

The contention of the defendant is that the record, without dispute, shows that the date of the indictment—December 18, 1909—was more than 12 months "after the commission of the offense," if any offense was committed, because all of the acts of the defendant in reference to the property were performed more than 12 months before the indictment. The United States attorneys, in the forcible argument presented for the government, contend that the offense charged is a continuing offense, and that the statute of limitations does not begin to run until the termination of the concealment "or until the bankrupt has abandoned his effort to conceal the property"; that as long as he "fails to notify the trustee of the whereabouts of the property, the concealment continues, and there is no statute of limitations to prevent the prosecution." The correctness of this contention must be judged in connection with the facts disclosed by the record. The defendant made no "efforts"—that is, did nothing—to conceal the property within 12 months before the indictment. The acts proved, relied on as concealment, were all of date more than 12 months before the indictment. The government's contention, therefore, must fall, unless the mere silence and passivity of the defendant after the alleged concealment makes the crime a continuing one, so that, to quote the brief, "there is no statute of limitations to prevent the prosecution." We cannot concede that such is the case. The government, to avoid the statute, should have begun the prosecution within 12 months after the commission of the acts constituting the offense.

If the contention of the government were correct, the statute of one year, while in terms it is made to apply to cases of concealing assets, would in practice seldom have any application. Twenty years after the appointment of the trustee the bankrupt could be prosecuted for concealing assets, and the government could prove that he had purchased certain goods shortly before bankruptcy, that such goods were not surrendered, and then, by proof of some circumstances from which the jury might determine that there had been concealment, have a case sufficient to go to the jury. Twenty years having elapsed, the defendant's witnesses might be gone or dead, and even his own memory might fail him in making a satisfactory explanation. When the trustee is appointed, he has title to the assets and should take possession. The creditors are interested that he should do so. The schedules show what property is surrendered by the bankrupt. If it is to be claimed that he has fraudulently and knowingly concealed a part of his estate, in fairness to the bankrupt the charge should be brought within 12 months after the unlawful act. The statute plainly so reads. Ordinarily, and in this case, there is no reason why the prosecution could not have been begun within the year.

It is true that there may in some cases be difficulty in showing wher

the act or series of acts occurred which made the crime complete; but when the property is knowingly and fraudulently concealed from the trustee—a fact that may be proved like any other fact—the bankrupt is liable to prosecution and the statute of limitations begins to run. In other words, it runs from the time of the commission of the offense.

There are certain conspiracies where the statute would not begin to run when the conspiracy is completely formed, because the plot contemplates the bringing to pass a continuous result that will not continue without the continuous co-operation of the conspirators. In such case the crime contemplates something to be done in the future to forward the criminal purpose. United States v. Kissel, 218 U. S. 601, 607, 31 Sup. Ct. 124, 54 L. Ed. 1168. Even in conspiracy cases, the time the statute begins to run depends on the character of the conspiracy. The conspiracy accomplished, or having a distinct period of accomplishment, is unlike one that is continuous. Hyde, et al. v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114.

If the indictment here were for a conspiracy to conceal property of the bankrupt from the trustee, and contemplated continuous acts in which the conspirators were to co-operate to carry out the criminal intention, the statute of limitations would not begin to run at the completion of the conspiracy; for the offense charged would be continuous, contemplating continuous future action to complete the crime. But here we have no such charge and no such proof. The defendant is charged with the act of fraudulently concealing certain property. The fact that concealed property remains concealed does not continue the offense of concealing it, for "continuance of the result of a crime does not continue the crime." The murdered man continues to be dead, but that does not make his murder a continuing offense.

The case at bar, we think, is controlled in principle by United States v. Irvine, 98 U. S. 450, 25 L. Ed. 193. That case was an indictment against an attorney for withholding pension money. He pleaded the statute of limitations of two years. The government replied:

"You received the money. You have continued to withhold it these 20 years; every year, every month, every day, was a withholding, within the meaning of the statute."

But the court held:

"We do not so construe the act. Whenever the act or series of acts necessary to constitute a criminal withholding of the money have transpired, the crime is complete, and from that day the statute of limitations begins to run against the prosecution."

The court said:

"A refusal to pay on demand without just excuse would constitute a withholding at once."

If the defendant before bankruptcy concealed property, and kept it concealed till after bankruptcy and the appointment of a trustee, and failed to surrender it, he would violate the statute, although the

initial concealment was before he was a bankrupt. Alkon v. United States, 163 Fed. 810, 90 C. C. A. 116; Cohen v. United States, 157 Fed. 651, 85 C. C. A. 113. And the statute limiting the prosecution would run "from the commission of the offense." Each case must depend on the facts showing the act or series of acts constituting the alleged offense. But, manifestly, the offense was completed, if the property was concealed knowingly and fraudulently before bankruptcy, and, on the appointment of a trustee, the bankrupt failed to surrender it or to disclose the disposition he had made of it. It is suggested that the record does not show that the trustee demanded the concealed property. But the statute vested the trustee with title, and made it his duty to take possession and to seek to get possession of the bankrupt's estate. It has been held that the court may presume that a demand was made when the situation of the parties is such as to render it improbable that it would be neglected. Wood on Limitation of Actions, § 118. In civil actions on contract the statute of limitations ordinarily begins to run from the time the right of action accrues and there is a party in existence to sue; in actions of tort the statute runs from the date of the tort; and, as a general rule, in criminal cases, the statute of limitations begins to run when the crime has been committed.

We find nothing in the record, or in the nature of the offense charged, to take this case out of the general rule. If it be conceded, therefore, that there was evidence tending to show that the defendant concealed the property within the meaning of the statute, there is no evidence that such concealment was within 12 months before the finding of the indictment.

The rulings of the trial court do not conform to this view, and it follows that the judgment must be reversed, and the cause remanded for further proceedings conforming to this opinion.