## UNITED STATES v. GUERTLER.

### No. 239.

Circuit Court of Appeals, Second Circuit.

March 1, 1945.

Morris E. Packer, of Brooklyn, N. Y., for appellant.

T. Vincent Quinn, of Brooklyn, N. Y. (Vine H. Smith, of Brooklyn, N. Y., of counsel), for the United States.

Before EVANS, CLARK, and FRANK, Circuit Judges.

FRANK, *Circuit Judge.*

■ 1. The defendant's first contention is that the offense, if any, was committed more than three years prior to the filing of the indictment and is therefore barred by the statute of limitations. We cannot accept that argument. The defendant was under a continuing duty to keep the draft board notified of an address where mail would reach him. He had not done so within the period stated in the indictment. That period did not end until a good deal less than three years prior to the filing of the indictment.

■ 2. The defendant also asserts that the trial judge exceeded his function in directing the district attorney to call Mrs. Schell as a witness, and in questioning the other witnesses. After a scrutiny of the record, we do not think that he exceeded his province in regard to the conduct of the trial. In those cases cited by the defendant in support of his contention, the lower court took over the role of prosecuting attorney and displayed such bias as to require reversal. In the case at bar, no such bias can be attributed to the trial judge.

■ 3. The defendant urges as another basis for reversal the failure of the judge to charge that the jury was to consider "whether the defendant in good faith kept or intended to keep in touch with his sisters and believed that they would hold for him any communication sent by the selective service board." Here the defendant relies on our decision in United States v. Trypuc, 2 Cir., 136 F.2d 900. But the error we found there was the charge of the district judge to the effect that the failure of the defendant to notify the board of his correct address was a crime. We pointed out that the issue was not the correctness of the address, but "whether the appellant 'knowingly' failed to keep the Board advised of an address where mail would reach him." In the case at bar, the judge read the regulation to the jury, and further pointed out that he was "not concerned with what his address is * * * it is for you to determine whether he complied with this regulation or whether he wilfully and knowingly and unlawfully failed to comply with it." The trial judge, having sufficiently stated the applicable rule of law, did not err in failing to charge as the defendant asserts he should have charged.

■ 4. The last of the defendant's assertions is the judge's reference to the defendant's prior conviction for failure to register under the Alien Registration Act, 8 U.S.C.A. §§ 137, 155, 156a, 451–460; 18 U.S.C.A. §§ 9–13. The defendant himself, on direct examination, had testified as to this conviction. The judge first referred to it in his charge in summarizing the evidence for the jury. He then told the jury that they might take the conviction into consideration in weighing the truth of the defendant's testimony. Thus, the question here is not whether the prosecution can produce evidence of prior convictions to prove the defendant's bad character when the defendant has introduced no evidence as to his character, but rather whether such evidence, once validly received,[1] can be used to impeach the defendant's testimony. We believe that it can be so used,[2] and that the judge correctly made reference to it when instructing the jury on what matters it might take into consideration in determining the defendant's veracity.

The judgment is affirmed.

[1] Cf. United States v. Novick, 2 Cir., 124 F.2d 107, 109.

[2] United States v. Minkoff, 2 Cir., 137 F.2d 402, 405; United States v. Nettl, 3 Cir., 121 F.2d 927, 929.