## FOGEL v. UNITED STATES.
### No. 11930.

Circuit Court of Appeals, Fifth Circuit.
June 12, 1947.

Rehearing Denied Aug. 2, 1947.

Webster Atwell and Emil Corenbleth, both of Dallas, Tex., for appellant.

William Cantrell, Jr., Sp. Asst. to U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

On January 22, 1947, an indictment was filed charging Samuel Hannah Fogel with failure to register, in violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq.[1] Fogel waived a jury trial, was tried before the

---

[1] The indictment charged: "That heretofore, to-wit, on or about the 16th day of February, A.D. 1942, one Samuel Hannah Fogel, hereinafter referred to as defendant, and whose more full and true name is to the grand jurors unknown, in

court, was found guilty, and was fined $1,000.00 and sentenced to serve eighteen months in the penitentiary.

On appeal Fogel contends: (1) That the court erred in refusing to hold the prosecution was barred by the three-year statute of limitations, 18 U.S.C.A. § 582; the indictment not being found within three years from the time the offense is alleged to have been committed. (2) That the court erred in refusing to acquit the defendant for the reason that it was not shown that he was between the ages of eighteen and forty-five on or about February 16, 1942, when he was ordered to present himself for and submit to registration under the Selective Training and Service Act of 1940, as amended.

On February 16, 1942,[2] the Selective Training and Service Act of 1940 was in full force and effect, and Section 3(a) of the Act, as amended, provided:

"Except as otherwise provided in this Act, every male citizen of the United States, and every other male person residing in the United States, who is between the ages of nineteen and forty-five[3] at the time fixed for his registration shall be liable for training and service in the land or naval forces of the United States."

 The evidence shows without dispute that Fogel not only did not register on February 16, 1942, but that he has never registered for service in the armed forces. Fogel's duty and obligation to register did not end on registration day, February 16, 1942. The regulations promulgated under the Act make this exceedingly clear. Section 611.5(d), Selective Service Regulations, 2d Ed., provides: "The duty of every man subject to registration to present himself for and submit to registration *shall continue at all times,* and *if for any reason* any such man is not registered on the day fixed for his registration, *he shall immediately present himself* for and submit to registration before the local board in the area where he happens to be." This regulation was notice to all persons that registration was a continuing obligation and that every day[4] was a day for registration. The duty of Fogel to register being a continuing obligation, his failure to register was a continuing offense—an offense that continued right up to the date of the finding of the indictment. Therefore, the three-year statute of limitations did not operate to bar the prosecution.

There is no merit in the contention that the evidence was insufficient to show that Fogel was within the age group subject to registration. The evidence shows that on or about February 7, 1946, Fogel, an alien, appeared for a hearing in the office of the Naturalization Examiner at Dallas, Texas, on his application for registration as an alien. At that time he stated under oath that he was born in Poland on July 10, 1898. Again on September 12, 1946, Fogel was in the office of the Naturalization Examiner in Dallas and a number of questions were propounded. Each question was read to him and he again answered under oath, stating that he had been born on July 10, 1898.

Fogel did not take the stand in his own behalf. His brother, Joseph Fogel, said that he had been instrumental in bringing Samuel to this country in 1913. (Immigra-

---

Dallas County, Texas, in the Dallas Division of the Northern District of Texas, did, unlawfully, wilfully, and feloniously, with intent to evade induction into the land or naval forces of the United States of America, fail and neglect to register with a Selective Service Draft Board, which said act and failure to act on the part of the said defendant, as aforesaid, were in violation of the Act of Congress of the said United States, approved September 16, 1940, as amended, commonly cited as the Selective Training and Service Act of 1940, as amended, and the Rules, orders and Regulations issued and promulgated by virtue of and in pursuance thereto, and the said defendant was then and there such a person who was bounden under the provisions and requirement of said Act, Rules, Orders and Regulations to so register * * *."

[2] By Presidential Proclamation No. 2535, February 16, 1942, 50 U.S.C.A. Appendix, § 302 note, was fixed as registration day for all persons between nineteen and forty-five years of age.

[3] See 50 U.S.C.A.Appendix, § 302 providing for registration of men "between the ages of eighteen and sixty-five".

[4] Proclamation No. 2597, Oct. 26, 1943, 50 U.S.C.A.Appendix, § 302 note, 8 F.R. 14596.

tion officers, however, were unable to find when and where Samuel entered this country.) Joseph further testified that Samuel was much older than the age he had given to the Naturalization Examiner. Joseph admitted that he had left Poland, which was under the domination of Russia, to escape military service, and his evidence was misleading and evasive in many respects.

 The evidence was sufficient to establish appellant's age as being within the age group subject to registration on February 16, 1942. Appellant was born in Poland, and his parents were dead. Certainly, birth records were not available. The next best evidence was his own statements made under oath to the Naturalization Examiner. These statements were in no wise confessions or admissions of guilt of the offense charged in the indictment. When these statements were made, no indictment had been returned. The statements were not made in relation to this prosecution, but were voluntarily made and sworn to by appellant at a time when he sought to obtain the protection and privileges of citizenship in this country, while he was at the same time wilfully failing and neglecting to register to serve it in its struggle for survival. The evidence warranted a finding that Fogel's age was below forty-five years on the day fixed for registration.[5] Cf. Zuziak v. United States, 9 Cir., 119 F.2d 140.

The prosecution was not barred by the statute of limitations. The evidence supports the conviction. No reversible error appearing, the judgment is affirmed.

SIBLEY, Circuit Judge (dissenting).

The conviction of Fogel of felony under this indictment and on this evidence I think is unlawful.

1. The charge made is that he wilfully failed and neglected to register under the Selective Service Act on February 16, 1942, he being a person required to register then. We judicially know and the evidence is that this is the date fixed by Presidential proclamation for registration by persons from twenty-one to forty-five years old. Fogel did not register that day and it appears that he had no lawful excuse if he was under forty-five years old. His offense was complete at the expiration of the time fixed by the proclamation. Though there was a continuing duty to register, a subsequent registration would not have cancelled, but would only have mitigated, the completed crime. Prosecution for that crime became barred after three years, on February 16, 1945. This indictment was not filed till Jan. 22, 1947. If the Draft Board or other person authorized had again called on him to register and he had failed to do so, a new crime would have occurred for which he could be prosecuted, but that did not happen. The President however did, as argued to the trial court and mentioned in the majority opinion, by a proclamation of March 19, 1942, call for a registration on April 27, 1942, by persons from eighteen to sixty-five years, and Fogel was certainly between those ages. By again failing to register on that date he committed another crime; but that is not charged in this indictment, and it also was committed more than three years before the indictment was found. The theory of the conviction is that by doing nothing he renewed his crime every day to the date of the trial; which amounts to saying there is no statute of limitations for this offense. This seems to me not to be in accord with authority, when the thing that is made a crime is the failure to perform a continuing duty, when nothing at all happens after the crime became complete. In United States v. Irvine, 98 U.S. 450, 25 L.Ed. 193, the crime was for an agent or attorney "wrongfully to withhold" pension money from a pensioner. The duty to pay it over was certainly a continuing one, but the court held the statute of limitations applied, and began to run so soon as it was evident that the withholding was wrongful. This

---

[5] A subsequent registration day proclamation No. 2541, issued March 19, 1942, 50 U.S.C.A.Appendix, § 302 note, provided for registration on April 27, 1942, of men from eighteen to sixty-five years of age. Attainment of the age of forty-five by Fogel after February 16, 1942, would not, therefore, have relieved him of his continuing obligation to register. And see Selective Service Regulation 611.2, "Change of Status."

court on the authority of that case held in Warren v. United States, 5 Cir., 199 F. 753, 43 L.R.A.,N.S., 278 that a bankrupt charged with concealing assets from his trustee, the concealment after the trustee's appointment consisting in not disclosing them in his schedules, if he did no new affirmative acts was protected by the statute of limitations, running from the first failure to disclose, since the crime then became complete.* I don't think we can brush aside these decisions.

2. But if this indictment covers as indictable every day's failure since February 16, 1942, the question remains whether Fogel is shown beyond a reasonable doubt to have been a person required to register on that date, that is, a person then under forty-five years old. He must have been proven born after February 16, 1897. The government proved that about February 9, 1946, Fogel, seeking to be naturalized, presented a sworn written application in which his birth in Poland was stated as on July 10, 1898. On September 12, 1946, this application was again read to him and he said it was correct. He was not questioned about it at all. He was asked for his registration card and said he had none. During the next month, a member of the F. B. I. went to him and asked for his classification and registration cards and interrogated him about his age. This witness testifies that Fogel said he did not exactly know how old he was, that to the best of his recollection his birth was about 1895 to 1898, the best he could ascertain. Sam Fogel's older brother Joseph who has lived in Philadelphia since coming from Poland to the United States in 1912, and who is a naturalized citizen, testifies that he himself will be fifty-seven in October, 1947, making his birth year late in 1890. He said he left Poland four weeks before he became twenty-one to escape service in the Russian army which was to begin at twenty-one, and came to the United States in 1912. Shortly afterwards he arranged a ticket for his brother Sam, who arrived in the United States June 18, 1913. Sam was about two and a half years younger than himself, one child born between them having died. He did not know Sam's exact birthday, but he was nearly twenty when he arrived in Philadelphia in 1913. He was a grown man, both he and Sam having to shave before Joseph left Poland. All the family in Poland were killed in the war. Joseph and Sam alone are left. Joseph registered in Philadelphia for both world wars but was not called into the service. Two of his sons fought in the last war, one being shot down on his twenty-fifth mission over Germany.

I see no reason for rejecting the testimony of this unimpeached citizen witness, who thus places Sam's birthyear as 1893. The F. B. I. witness testifies that under questioning Sam did not know his birthday. It appears that Sam registered as an alien under the Alien Registration Act of 1940, 8 U.S.C.A. § 451 et seq., but the government does not bring out the age given in that. The older brother is referred to as though he also is an evader of military service. He duly registered on April 27, 1942, the very day fixed by the proclamation for men of his age, and his two sons entered the army. When he left Poland to escape military service in the Russian army in 1911 the Czar was on the Russian throne and the Kaiser on that of Germany, and other countries of Europe were requiring four years service of all young men. At that time we Americans did not think ill of the thousands who came to this country to escape it. It is no impeachment of his testimony.

The conviction thus rests on preferring as indubitable evidence Sam's having written, or someone for him, a birth date of 1898 in a questionnaire where the date was of no importance. This evidence was admissible, it is not a confession of guilt of this offense so as technically to require corroboration; but it is certainly not true beyond a reasonable doubt when right afterwards it was developed that Sam did not know when he was born, and his older brother who better knew about it fixes the date reasonably as 1893 at latest. Sam is

---

* The law as to this offense was changed in 1938 by so amending the limiting statute as to make it commence to run only from the discharge in bankruptcy, § 29, sub. d, 52 Stats. 855, 11 U.S.C.A. § 52, sub. d.

not shown beyond reasonable doubt to have been under forty-five on February 16, 1942.

Rehearing denied; SIBLEY, Circuit Judge, dissenting.