## McGREGOR v. UNITED STATES.

### No. 6588.

United States Court of Appeals
Fourth Circuit.

Argued June 11, 1953.

Decided July 25, 1953.

584

---

Sandolphra Robinson, Washington, D. C., for appellant.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

James Russell McGregor was indicted on February 3, 1953 for failing to register under the Universal Military Training and Service Act of June 24, 1948, 50 U.S.C.A. Appendix, § 451 et seq., and the regulations pursuant thereto during the period from August 31, 1948 to January 13, 1953. He was convicted and sentenced to serve four and a half years in prison. He had been previously sentenced on January 29, 1944 in the District of Columbia to a term of one to four years for failing to report for induction under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq.; and on February 27, 1947 was released on probation. On this appeal it is contended that the District Judge erred in refusing the defendant's motion for a directed verdict in his behalf and in making certain rulings on the admissibility of evidence during the trial before the jury.

The motion for a directed verdict is based on the contention that the prosecution was barred by the expiration of the three year period of limitation fixed by statute for the prosecution of any offense not capital except as otherwise expressly provided by law. 18 U.S.C.A. § 3282. The prosecution was based on the failure of the defendant to comply with § 3 of the Universal Military Training and Service Act of 1948 which made it the duty of every male citizen of the United States and every other male person residing in the United States, who was between the ages of 18 and 26, to present himself for and submit to registration at such time and place as should be determined by proclamation of the President and by rules and regulations prescribed under the Act. Under the authority conferred by the statute the President proclaimed that the registration of such persons should take place on certain dates in August and September, 1948, including therein persons born after August 30, 1922 who were directed to register on August 30, 1948. 3 C.F.R., 1948 Supp., Proc. 2799. Since the position of the government is that the defendant was born on September 18, 1922, the defendant contends that the offense took place when he failed to register on August 30, 1948, and hence the indictment filed on February 3, 1953 was too late.

■ This point would be well taken if the duty to register was confined to a single date, but it is provided by § 1611.7(c) of the regulations, 32 C.F.R. § 1611.7(c), issued by the President under the authority of the 1948 Act, that the duty of every person subject to the regulation to present himself for and submit to registration shall continue at all times, and if for any reason he does not register on the day fixed for his registration he shall immediately present himself for and submit to the regulation before the local board in any area where he happens to be. A similar regulation promulgated by the President under the Selective Training and Service Act of 1940 was construed by the court in Fogel v. United States, 5 Cir., 162 F.2d 54, to create a continuing obligation, so that every day was a day of registry. We are in accord with this decision and the same reasoning requires the conclusion that the present prosecution was not barred by limitations.

■ Objection is made that the government's case was lacking in proper proof of the age of the defendant, which formed an essential element of the crime. The testimony in this respect consisted of oral and written statements of the accused to the effect that he was born September 18, 1922. The written statements included an application for an automobile driver's license and an answer to a questionnaire of the Selective Service System which the accused made in connection with a registration under the Act of 1948 filed by him on January 27, 1953 after his arrest on the pending charge. It is contended that this testimony was hearsay and therefore incompetent because the defendant had no personal knowledge of his own age; but the historic exception to the hearsay rule that a person may testify as to the date of his birth is so firmly established as to foreclose further discussion. See 20 Amer. Jur., Evidence, § 472.

■■ It is also contended that the District Attorney was allowed too much leeway in cross examining the defendant in respect to the circumstances of his first conviction and concerning his religious beliefs. The examination came about because the defendant, in statements made to the government's investigation agents and to the jury in the course of his testimony, endeavored to show that he did not think he was required to register under the 1948 Act because he had registered under the 1940 Act and believed the latter to be continuous. In an attempt to show the insincerity of this defense the United States Attorney asked the defendant whether he did not disregard the terms of the earlier act by destroying his registration card, refusing to answer the questionnaire, and failing to report for induction, and that he had refused to comply with the statute because he was an adherent of the Moslem faith which forbade him to engage in military activities. The defendant professed a lack of memory as to many of these questions, whereupon the attorney asked him to explain how a man could forget the incidents of an offense for which he had actually served six months in one prison, and nineteen months in each of two other prisons, the first of which institutions the District Attorney described as a soft place and the last as a hard one.

We see no objection to this line of cross examination. It bore directly on the recalcitrant attitude of the accused toward both the Selective Service statutes under the compulsion of his religious belief; and it did not violate the general rule that on a trial for a criminal offense evidence of the commission of other offences is not admissible. The general rule does not apply where such evidence bears upon the intent of the accused and tends directly to prove his guilt of the crime charged. See Lovely v. United States, 4 Cir., 169 F.2d 386.

Affirmed.