**UNITED STATES of America,**

v.

**Robert I. TOUSSIE.**

**UNITED STATES of America,**

v.

**Samuel R. TOUSSIE, Defendant.**

**Nos. 67 Cr. 183, 67 Cr. 184.**

United States District Court
E. D. New York.

Aug. 30, 1967.

Michael Rosen, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., of counsel) for the Government.

Jacob Heller, New York City (Henry G. Singer, Brooklyn, N. Y., of counsel) for defendants.

## MEMORANDUM
## and ORDER

DOOLING, District Judge.

Each of the defendants has been indicted for wilfully failing to perform a duty required of him by The Universal Military Training and Service Act of 1948 by wilfully evading and refusing registration by the Selective Service System. Robert Toussie is charged with doing so from June 23, 1959, until February 3, 1967; Samuel Toussie is charged with doing so from May 9, 1952 until February 3, 1967. The indictments were returned on May 4, 1967.

Defendants move to dismiss the indictments on various grounds the most substantial of which is that they are barred by the five year statute of limitations of 18 U.S.C. Sec. 3282; it is argued also that if the statute requiring registration (50 U.S.C. App. Sec. 453) is construed as imposing a continuing duty to register, it is invalid under the Fifth Amendment; * * *

1. The motion to dismiss the indictments as barred by the five year statute of limitations is granted as to the defendant Samuel R. Toussie and denied as to the defendant Robert I. Toussie.

██ The offense is a continuing one; the man between eighteen and twenty-six does not discharge his duty by failing to register on the day he attains his eighteenth birthday or within five days thereafter; he continues under a duty to present himself for registration as long as he is liable for service in the armed forces (cf. 32 C.F.R. Sec. 1611.7 (c)) and he is liable from eighteen years, six months, until the twenty-sixth anniversary of his birth (50 U.S.C. App. Sec. 454(a)) Hence, it can not be doubted since Fogel v. United States, 5th Cir. 1947, 162 F.2d 54, and United States v. Guertler, 2d Cir. 1945, 147 F.2d 796, 797, that an indictment is timely if found within five years after the last day on which there was a duty to register. The indictment against Robert Toussie is therefore timely if he had not passed the twenty-sixth anniversary of his birth more than five years before the indictment was filed on May 4, 1967. It is inferred that the Government's case is that Robert Toussie was born on June 23, 1941, and attained the age of eighteen on June 23, 1959. If that is so, he attained the age of twenty-six on June 23, 1967 and was still liable to military service and under a duty to register when the indictment was returned.

██ The situation of Samuel Toussie is different. It is evidently the intention of the Government to show that he was born on May 9, 1934. If so, he became twenty-six on May 9, 1960, and the indictment was not returned against him until nearly seven years after the last day on which he was liable to military service and under a duty to register. McGregor v. United States, 4th Cir. 1953, 206 F.2d 583 held on comparable facts that an indictment was timely, relying on the "continuing duty" principle established by the *Fogel* case. However, the Court evidently failed to observe that after *Fogel's* failure to register the law had been amended to extend the period of liability to service until attainment of 65 years, and men up to 65 had been required to register, so that, when indicted, Fogel had been liable to service and under a duty to register within the limitary period. See Fogel v. United States, supra, 162 F.2d at 56, footnote 5 (Citing the change in the law, the Court said, "Attainment of the age of forty-five by Fogel after February 16, 1942, would not, therefore have relieved him of his continuing obligation to register."); cf. United States v. Guertler, supra, 147 F.2d at 797. There appears to be no escape from the proposition that the statute of limitations must bar the indictment if, as appears to be the case, it charges a continuing crime that by its nature could not have been committed by Samuel Toussie after May 9, 1960. If the Government intends to prove that Samuel Toussie was born on or after May 4, 1936, then it may move to have the present order set aside.

██ 2. The argument based on the Fifth amendment is that once a person

liable to military service fails to register on time, his later registration is a self-accusatory act which, therefore, he cannot be required to perform. Reliance is placed of course, on Albertson v. Subversive Activities Control Board, 1965, 382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165, and on the now doubtful status of United States v. Kahriger, 1952, 345 U.S. 22, 27, 73 S.Ct. 510, 97 L.Ed. 754. The argument is invalid. Whether a man has committed a crime or not, as long as he is liable to military service, he is under a duty to register. His registration may possibly facilitate his prosecution, but it is not required in order to advance that purpose nor, indeed, could the occasion of registration be exploited by the clerk supervising the registration to conduct an essentially criminal investigation by inquiring into the registrant's knowledge of his duty and the motivations of his delinquency. So long as the registration inquiries are relevant to and addressed to the proper business of the Selective Service System, the occasion involves only that bare minimum of self-incrimination flowing from self-identification that is inseparable from any continuance as a member of society. Like an accused's compelled appearance at his trial, where he may be seen, recognized, and condemned by identifying testimony, or an accused person's appearance in a line-up, or a suspect's surrendering a blood sample to be tested for its alcoholic content, the person liable for military service cannot be excused from his compelled presentation of himself and his compelled submission to registration even though adventitiously, and not purposively, it may facilitate his conviction. See Michener v. United States, 10th Cir. 1950, 184 F.2d 712 (registrant cannot present self, give information, and require clerk to complete the forms and effect the registration without the registrant's signing any of the forms). While much is made of the matter semantically, the simple facts are that registration is not *in se* selfaccusatory, and that delinquency cannot be suffered to create an exemption from the duty to register if there is—and there is—a power to raise an army. Cf. United States v Sullivan, 1927, 274 U.S. 259, 263, 264, 47 S.Ct. 607, 71 L.Ed. 1037. Whether, if defendants had registered, their registrations could have been used in evidence against them is a different matter altogether. Cf. Garrity v. State of New Jersey, 1967, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.

It is accordingly,

Ordered that the indictment in 67 Cr. 184 (the case of Samuel R. Toussie) is dismissed on the ground that the indictment was not found within five years after the twenty-sixth anniversary of the defendant's birth and prosecution was barred by 18 U.S.C. Sec. 3282, and all other motions of Samuel R. Toussie are deemed withdrawn.