311 So.2d 190 (1975)
STATE of Florida, Appellant,
v.
Raymond M. WEBB, Appellee.
No. 73-896.
District Court of Appeal of Florida, Second District.
April 9, 1975.
Rehearing Denied May 6, 1975.
*191 Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellant.
Allgood, McPherson & Cobb, New Port Richey, and Dayton, Peel & Gibbs, Dade City, for appellee.
HOBSON, Judge.
The State appeals an order of the trial court dismissing an information against appellee Webb on the ground that the statute of limitations, Fla. Stat. § 932.465(2), requiring that the prosecution for offenses not punishable by death must be commenced within two years after the commission of the crime, had run. Webb was charged with the violation of Fla. Stat. § 811.16 which provides in part that "whoever buys, receives, or aids in the concealment of stolen money, goods, or property, knowing the same to have been stolen, shall be guilty of a felony of the third degree ..."
The undisputed facts show that on May 10, 1970, one Tony Dexter stole certain radio equipment, that on May 11, 1970, he informed Webb of the theft of said property, and on May 12, 1970, he installed the radio equipment on the premises of the radio station operated by Webb as General Manager, all with the full knowledge of the defendant. The information alleged that Webb committed the crime on July 20, 1973, which was the date of his arrest.
The sole point on appeal is whether or not the crime of receiving and concealing stolen property under Fla. Stat. § 811.16 is a "continuing offense" or whether or not the statute of limitations of two years as provided in Fla. Stat. § 932.465(2) begins to run on May 12, 1970, when Dexter installed the radio equipment on the premises of the radio station with the full knowledge of Webb at that time that the equipment was stolen.
We hold that the crime of receiving and concealing stolen property is not a continuing offense and that the statute of limitations begins to run when the crime is complete, to wit: when the property is received and concealed with the knowledge that the same is stolen.
Our Supreme Court in State v. King, Fla. 1973, 282 So.2d 162, quoted with approval from 21 Am.Jur.2d, Criminal Law, § 157, wherein it is stated:
"The statute of limitations begins to run from the time of commission of an offense, or when the crime is complete, not the date the crime is discovered." [Emphasis supplied]
In Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), Toussie was charged with failure to register for the draft, the government agreeing that the crime of non-registration occurred in 1959 when Toussie reached draft age and failed to register. However, the government argued that the crime continued to be committed each day that non-registration occurred until it was brought to the attention of the draft board. In Toussie, supra, the United States Supreme Court stated:
"In deciding when the statute of limitations begins to run in a given case several considerations guide our decision. The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law *192 enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before `the principle that criminal limitations statutes are "to be liberally interpretated in favor of repose," United States v. Scharton, 285 U.S. 518, 522, 52 S.Ct. 416, 76 L.Ed. 917, 919 (1932).' United States v. Habig, 390 U.S. 222, 227, 88 S.Ct. 926, 19 L.Ed.2d 1055, 1059 (1968). We have also said that `[s]tatutes of limitations normally begin to run when the crime is complete.' Pendergast v. United States, 317 U.S. 412, 418, 63 S.Ct. 268, 87 L.Ed. 368, 372 (1943); see United States v. Irvine, 98 U.S. 450, 452, 25 L.Ed. 193, 194 (1879). And Congress has declared a policy that the statute of limitations should not be extended `[e]xcept as otherwise expressly provided by law.' 18 U.S.C. § 3282. These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances since, as the Court of Appeals correctly observed in this case, `[t]he tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.' 410 F.2d, at 1158. These considerations do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." [Emphasis supplied]
The court in Toussie, supra, also held that legislative silence in a statute is "strongly in favor of not construing this act as incorporationg a continuing-offense theory." Fla. Stat. § 811.16 is completely silent on the concept of a continuing offense and the nature of the crime is not such that the legislature assuredly intended that it be treated as such.
The crime charged in this case was complete and the statute of limitations began to run on May 12, 1970, when Webb received and concealed the radio equipment, knowing at that time it was stolen property. United States v. Irvine, 98 U.S. 450, 25 L.Ed. 193; Warren v. United States, 199 Fed. 753; Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931; United States v. Mendoza (D.C.Cal.) 122 F. Supp. 367.
Fla. Stat. § 811.16, being silent as to the concept of a continuing offense, is like the federal statute involved in Toussie, supra. If we reverse this case we would be creating an exception to the statute of limitations by rewriting a plain and unambiguous statute. This we are not authorized to do, as such authority is vested exclusively in our legislature.
For the foregoing reasons, the order appealed is
Affirmed.
GRIMES, J., concurs.
McNULTY, C.J., dissents with opinion.
McNULTY, Chief Judge (dissenting).
I dissent. I accept, of course, Toussie v. United States, supra, as good law and refer specifically to that portion of the opinion therein quoted above, and italicized in part in the majority opinion, viz.:
"[Well recognized principles indicating that the doctrine of continuing offenses should be applied in only limited circumstances] ... do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." (Italics added.)
*193 I would emphasize, however, that portion thereof which I have immediately hereinabove italicized relating to the nature of the crime involved. That is to say, I think that if the very essence of the crime charged is concealment, as here, the legislature "must assuredly have intended" that the crime is a continuing one until discovery is made. Otherwise, as in this very case, for example, it would be a boon to the "fencing" business; and a buyer of known stolen goods need only carefully conceal them for two years after which he would be home free. The failure of the legislature expressly to declare a continuing offense may be logically explained, I think, by the fact that the statute, i.e., § 811.16, supra, also proscribes the buying and receiving of stolen property. As to those crimes, assuming no involvement of any aspect of concealment, I would agree with the majority; but as to a charge the essence of which is concealment, I would, and do, dissent.