DANAHY, Judge.
Terry Wayne Leverenz appeals his convictions for violations of section 494.093, Florida Statutes (1987) (brokering mortgages without a license), and section 658.77, Florida Statutes (1987) (as a savings and loan association employee, soliciting or receiving money and other things of value for procuring a loan from the employer). He pleaded nolo contendere to the charges after his pretrial motions were denied. The legal points he preserved and argues here are: (1) that the prosecution was time-barred and (2) that, as an exempt employee under the statute and its implementing rules, he had no need of a license to perform his job of arranging mortgages with his employer’s funds. We find merit in only one of his arguments, that he was an exempt employee without need for a separate mortgage broker’s license. Accordingly, we affirm in part and reverse in part.
We first address the statute of limitations question. The prosecution against the appellant commenced when the information was filed July 25, 1988. We, therefore, must determine if the facts show that the appellant completed the elements of the crime at a date after July 25,1985. Section 658.77 provides the elements of the crime charged:
(1) It is unlawful for any officer, director, or employee of a state bank or trust company to ask for, willfully and knowingly receive or consent to receive any commission, emolument, gratuity, money, property, or thing of value for:
(a) Procuring, or endeavoring to procure, for any person a loan or extension of credit from such bank[.] [Emphasis added.]
The facts adduced showed that the appellant had solicited money and other valuable services from the developers of a marina in Pasco County to secure for them a loan from his employer, a savings and loan institution which had previously denied their loan application. The appellant received the last installment of the agreed-upon cash payments on July 12, 1985, a date outside the three-year period of the statute of limitations, section 775.15(2)(b), *1156 Florida Statutes (1987).[1] But, the agreement between the appellant and the developers involved more than just money. The nefarious bargain also included free docking for one year at the soon-to-be-built marina, commencing upon completion of the marina. According to the developer who paid the money and provided the free dock-age, the marina was completed sometime in July 1985 and the appellant started docking his boat at the completed marina about then; the appellant kept his boat there for about twelve months, starting to pay for the slip himself after the first twelve months, sometime in mid-1986.
The appellant here knowingly received something of value, i.e., many months worth of marina dockage without charge, at a date after July 25, 1985, and therefore within three years of the commencement of the prosecution. We disagree with the appellant that our case of State v. Webb, 311 So.2d 190 (Fla. 2d DCA 1975), mandates reversal. In Webb we dealt with the crime of concealing stolen property. The sole issue in State v. Webb was whether the crime of concealing stolen property was a continuing offense. We found that that crime was not a continuing offense. Therefore, the statute of limitations began when that crime was completed, i.e., when the defendant knowingly received and then concealed the stolen property; the length of time the property was concealed did not extend the period of the statute. Although
we come to a different result than we did in State v. Webb, the analysis is similar. The controlling factor for the limitations analysis is the moment at which the elements of the crime are completed. The appellant here violated section 658.77 when he received what was the final installment of the bargain he’d struck with the developers, i.e., the last month of free dockage. With this final installment, paid at a moment less than three years before the commencement of the prosecution, all the elements of the offense were complete. Thus, we hold there was no error in the trial court’s conclusion that the prosecution was timely commenced.
We turn now to the appellant’s contention that he was not required to possess a mortgage broker’s license, and, therefore, could not be prosecuted for his failure to possess one when he procured this mortgage loan in exchange for valuable consideration for himself. We agree with the appellant that by the terms of chapter 494 and the rules of the Department of Business and Finance, he is exempt from the requirement of a separate mortgage broker license by reason of his status as an employee of a savings and loan institution.[2] We do not agree with the state’s argument that, under the circumstances of this case, once the appellant is exempt under section (l)(b) of the rule, he loses that exemption under (2)(c)[3] of the same rule if he receives *1157 unlawful consideration for doing his job. Such would be an illogical and absurd interpretation of the rule and the intent of the statute.
Accordingly, we affirm the conviction for the violation of section 658.77, reverse the conviction for the violation of section 494.-093, and remand for resentencing.
SCHOONOVER, C.J., and CAMPBELL, J., concur.

. Section 775.15 provides further:
(4) An offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.

. The Mortgage Brokerage Act, chapter 494, provides the following exemption:
494.03 Exempt persons.—
(1) This act does not apply to the following:
(a)Banks, trust companies, savings and loan associations, pension trusts, credit unions, insurance companies, consumer finance companies, federally licensed small business investment companies, or securities dealers registered under the provisions of s. 517.12, when dealing with their corporate or individual clients in the normal course of their securities business.
The Department of Business and Finance's rule implementing this statutory section provides:
3D-40.002 Specific Exempt and Non-exempt Persons.
(1) The following persons are exempt from Chapter 494:
[[Image here]]
(b) Banks, trust companies, savings and loan associations, pension trusts, credit unions, insurance companies, consumer finance companies, federally licensed small business investment companies and their employees whose mortgage transactions are limited to loans made with their company's funds. [Emphasis added.]

.Rule 3D-40.002(2) provides:
(2) The following persons are not exempt from Chapter 494:
[[Image here]]
(c) All persons, including real estate brokers, whose services include assistance in se *1157 curing or arranging for or negotiating a mortgage loan and who receive compensation specifically for the financing service, either directly or indirectly.