NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3152 |
| Plaintiff-Appellee, | D.C. No. 2:22-cr-00064-APG-EJY-1 |
| v. | |
| CALEB MITCHELL ROGERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted May 15, 2025
San Francisco, California

Before: N.R. SMITH and DE ALBA, Circuit Judges, and BENNETT,** District Judge.

A jury convicted Appellant Caleb Mitchell Rogers of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, related to three Las Vegas casino robberies in November 2021, January 2022, and February 2022; and one count of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), related to the third robbery where Appellant was arrested. On appeal, he challenges the district court's denial of his motion to sever, denial of his motion to suppress, and refusal of a requested jury instruction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1. We review the district court's decision on a motion for severance for abuse of discretion. *United States v. Vargas-Castillo*, 329 F.3d 715, 722 (9th Cir. 2003). "The test for abuse of discretion by the district court is whether a joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017) (citation omitted). Appellant contends that, because the evidence against him relating to the third robbery was stronger than the "anemic" evidence connecting him to the earlier two robberies, the joint trial resulted in a "prejudicially consolidated verdict." Appellant has not demonstrated that the trial was manifestly prejudicial so as to violate one of his substantive rights. *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980). While Appellant argues that evidence from the third robbery would have been inadmissible upon severance under Federal Rules of Evidence 403 and 404(b), we are unpersuaded. Identity was the primary issue in Counts One and Two, and the modi operandi of all three robberies were very similar. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987)

2

("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder."). Moreover, Appellant's characterization of the evidence connecting him to the earlier two robberies is contradicted by the record, and "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Regardless, the district court mitigated any potential prejudice when it instructed the jury that it must decide each count separately. *Johnson*, 820 F.2d at 1071.

2. We review the denial of a motion to suppress de novo, and review factual findings underlying the denial of the motion for clear error. *United States v. Yang*, 958 F.3d 851, 857–58 (9th Cir. 2020). Appellant argues that the government offered "pressure-induced testimony" from his brother, Josiah Rogers, and best friend, Justin Jonsson, that was "so extremely unfair" that "exposure of both testimonies to the jury 'violate[d] fundamental conceptions of justice' leading to an unfairly-achieved conviction." To show a due process violation, Appellant must demonstrate that, based on the totality of the circumstances, "unnecessarily suggestive circumstances arranged by law enforcement" prompted the challenged testimony and created a substantial likelihood of misidentification. *Perry v. New Hampshire*, 565 U.S. 228, 238–40, 248 (2012).

While Appellant largely complains that Josiah Rogers's testimony was

self-interested, it does not follow based on the totality of the circumstances that "unnecessarily suggestive circumstances arranged by law enforcement" prompted the testimony and created a substantial likelihood of misidentification. Throughout the challenged interview, Josiah Rogers resisted incriminating his brother, and nothing in the record suggests that officers pressured him to say more.

The same is true for Jonsson. While Appellant complains about statements officers made to Jonsson during their interview, the timing of these statements—that is, that they followed Jonsson's identification of Appellant—belies his argument that such statements were coercive.

3.     When reviewing a district court's denial of a jury instruction on a lesser-included offense, we employ a two-part analysis. *See United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009). A defendant is entitled to a lesser-included offense if "the elements of the lesser offense are a subset of the elements of the charged offense," and "the evidence would permit a jury rationally to find [Appellant] guilty of the lesser offense and acquit [him] of the greater." *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007) (citations omitted). We review the first step de novo and the second step for abuse of discretion. *Id*.

Appellant emphasizes that he was caught while on casino grounds, thus the robbery was not completed. To find a defendant guilty of completed Hobbs Act robbery, a jury must find that the defendant engaged in the "unlawful taking or

4

obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force." *United States v. Taylor*, 596 U.S. 845, 850 (2022) (quoting 18 U.S.C. § 1951(b)). To find a defendant guilty of attempted Hobbs Act robbery, a jury must find that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and completed a "substantial step" toward that end. *Id.* at 851 (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). While we have not definitively ruled that attempted Hobbs Act robbery is a lesser-included offense within completed Hobbs Act robbery, we need not do so here. It is clear from the record that Appellant was not entitled to the lesser-included offense instruction under the circumstances of this case because a rational jury could not find him guilty of attempted Hobbs Act robbery and acquit him of completed Hobbs Act robbery. Appellant was intercepted on casino grounds after he exited the casino and was running through the casino's parking lot towards the parking garage. That is, he unlawfully took or obtained money from the casino by means of actual or threatened force and thus committed Hobbs Act robbery. *United States v. Irvine*, 98 U.S. 450, 452 (1878) (explaining an offense is "complete" when all the elements of the crime have been satisfied).

**AFFIRMED.**